# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOLOMON WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO.  14-2394** |
| **NATHAN BURL CAIN, WARDEN** | **SECTION  "N"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.   Factual Background

The petitioner, Solomon Washington ("Washington"), is a convicted inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  The records reflect that Washington and two co-defendants, Andrew Mabry and Darrell Jarrell, were charged on August 6, 1998, by Bill of Information in St. Tammany Parish Case No. 290528 with conspiracy to commit

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

the first degree murder of Clayton Polen.[3]  Washington attended by counsel, John W. Hogue, initially entered a plea of not guilty to the charge on September 2, 1998.[4]

At a hearing held April 15, 1999, Washington accompanied by different counsel, Robert F. Fleming, Jr., withdrew his former plea and entered a plea of guilty.[5]  The minutes of that proceeding reflect that the Trial Court advised Washington that he would be sentenced to serve ten (10) years in prison at hard labor without benefit of parole, probation, or suspension of sentence.  The Trial Court deferred sentencing, however, until after the taking of additional argument and testimony. Counsel objected to the sentencing being without benefits.  After additional argument, the Trial Court reiterated its previously announced sentence, and based on counsel's continued objection, allowed Washington to withdraw the guilty plea and set the matter for trial.[6]

When the matter was called to trial on May 13, 1999, the State entered a *nolle prosequi* and dismissed count one of the Bill of Information as to Washington in Case No. 290523.[7]  The State notified the Trial Court that it had filed a new Bill of Information that day under St. Tammany Case No. 302559 charging Washington with one count of attempted first degree murder of Clayton Polen and one count of conspiracy to commit first degree murder of Clayton Polen.[8]

---

[3]St. Rec. Vol. 2 of 4, Bill of Information (290528), 8/6/98.

[4]St. Rec. Vol. 2 of 4, Minute Entry (290523), 9/2/98.

[5]St. Rec. Vol. 2 of 4, Plea Minutes (290523), 4/15/99.

[6]*Id.*

[7]St. Rec. Vol. 2 of 4, Minute Entry (290523), 5/13/99.

[8]St. Rec. Vol. 1 of 4, Bill of Information, 5/13/99.  Several months later, the Bill of Information in Case No. 290528 was amended to add the additional charge of attempted first degree murder against the two co-defendants. *See*, St. Rec. Vol. 2 of 4, Bill of Information (290528), handwritten amendment dated 8/23/99.

The record in that proceeding reflects that, on July 13, 1998, Darrell Jarrell offered to pay Washington and an accomplice $1,000.00 to kill Clayton Polen because he was dating Jarrell's ex-wife, Elaine Jarrell.[9]  Washington accepted the offer and went to Polen's residence with the accomplice.  He knocked on the door and Elaine Jarrell answered.  Washington and the accomplice pushed their way in past her.  The two men then shot Polen ten times before fleeing the house along with Darrell Jarrell, who was waiting outside.

On August 23, 1999, Washington accompanied by counsel, Martin Regan, entered a plea of guilty to both counts without a plea agreement or negotiated sentence.[10]  On November 8, 1999, the Trial Court sentenced Washington on the attempted murder charge to serve forty (40) years in prison at hard labor with the first twenty (20) years to be served without benefit of parole, probation, or suspension of sentence, and the last twenty (20) years to be suspended.[11]  Upon his release, he would be placed on probation for five (5) years.  On the conspiracy count, the Trial Court sentenced Washington to serve a concurrent term of twenty (20) years at hard labor.

Over two years later, on October 30, 2001, Washington submitted an application for post-conviction relief to the Trial Court asserting the following grounds for relief: (1) ineffective assistance of counsel when counsel failed to interview the State's witnesses, investigate, or file pretrial motions to suppress; (2) he was prejudiced when the state trial court failed to grant new

[9]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal. *State v. Washington*, 874 So.2d 433 (La. App. 1st Cir. 2004) (Table); St. Rec. Vol. 4 of 4, 1st Cir. Opinion, 2003KA2459, p.3, 5/14/04.

[10]St. Rec. Vol. 1 of 4, Plea Minutes, 8/23/99; Plea Transcript, 8/23/99.

[11]St. Rec. Vol. 1 of 4, Sentencing Minutes, 11/8/99; Sentencing Transcript, 11/8/99.

counsel a continuance; and (3) the State breached the plea agreement when it did not move for a downward departure rendering his plea involuntary.  After receiving a response from the State, the Trial Court denied relief on February 13, 2002, finding no merit in the claims raised under the standards set for in *Strickland v. Washington*, 466 U.S. 668 (1984).[12]

On April 30, 2002, Washington submitted a motion to the state trial court seeking correction of his sentence as illegal because a portion of the sentence was suspended with a probation requirement, which was contrary to the sentencing statute.[13]  The Trial Court denied the motion for being in an improper form on May 30, 2002.[14]

On July 10, 2002, Washington resubmitted his motion apparently in proper form.[15]  At a hearing held August 30, 2002, the Trial Court granted the motion and resentenced Washington on the attempted murder charge to serve thirty (30) years in prison at hard labor without parole, probation, or suspension of sentence.[16]  The Trial Court denied Washington's motion for reconsideration on October 16, 2002.[17]  The Trial Court also denied Washington's motion to correct the newly imposed sentence on December 19, 2002.[18]

---

[12]St. Rec. Vol. 1 of 4, Trial Court Order, 2/13/02; Trial Court Order, 11/9/01; State's Answer, 11/26/01.

[13]St. Rec. Vol. 1 of 4, Motion to Correct Illegal Sentence, 5/6/02 (dated 4/30/02).

[14]St. Rec. Vol. 1 of 4, Trial Court Order, 5/30/02.

[15]St. Rec. Vol. 1 of 4, Motion to Correct an Illegal Sentence, 7/15/02 (dated 7/10/02).

[16]St. Rec. Vol. 1 of 4, Resentencing Minutes, 8/30/02; Resentencing Transcript, 8/30/02.

[17]St. Rec. Vol. 1 of 4, Trial Court Order, 10/16/02; Motion for Reconsideration, 9/30/02 (dated 9/25/02).

[18]St. Rec. Vol. 1 of 4, Trial Court Order, 12/19/02; Motion to Correct an Illegal Sentence, 11/26/02 (dated 11/19/02).

On its review of these rulings, the Louisiana First Circuit granted Washington's writ application and ordered a resentencing because Washington was not represented by counsel at the resentencing held August 30, 2002.[19]  The state trial court thereafter resentenced Washington, accompanied by counsel, on May 29, 2003, to serve thirty (30) years in prison on the attempted murder charge without benefit of parole, probation, or suspension of sentence.[20]  The Circuit Court also denied counsel's motion to reconsider the sentence.

On direct appeal to the Louisiana First Circuit, Washington's appointed counsel argued that the sentence imposed for attempted first degree murder was excessive under the circumstances of the case.[21]  The Circuit Court affirmed the convictions and sentences on May 14, 2004, finding no merit in the issue raised and noting that there was no plea agreement or stipulated sentence in this case.[22]  The Louisiana Supreme Court denied Washington's related writ application without stated reasons on November 19, 2004.[23]

Washington's convictions and sentences became final ninety (90) days later, on February 17, 2005, because he did not file a writ application with the United States Supreme Court.  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S.

---

[19]St. Rec. Vol. 1 of 4, 1st Cir. Order, 2003-KW-0014, 2/24/03.

[20]St. Rec. Vol. 1 of 4, Resentencing Minutes, 5/29/03; Resentencing Transcript, 5/29/03.

[21]St. Rec. Vol. 2 of 4, Appeal Brief, 03-KA-2459, undated.

[22]*Washington*, 874 So.2d at 433; St. Rec. Vol. 4 of 4, 1st Cir. Opinion, 2003KA2459, 5/14/04.

[23]*State v. Washington*, 888 So.2d 194 (La. 2004); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2004-KO-1703, 11/19/04; St. Rec. Vol. 2 of 4, La. S. Ct. Writ Application, 04-KO-1703, 7/8/04 (dated 6/9/04).

S. Ct. Rule 13(1); *see also Burton v. Stewart*, 549 U.S. 147 (2007) (in a criminal case, judgment includes conviction and sentence, therefore the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review,'" citing 28 U.S.C. § 2244(d)(1)(A)).

Almost one year later, on January 30, 2006, Washington signed and submitted an application for post-conviction relief to the Trial Court in which he asserted the following grounds for relief:[24] (1) the Trial Court erred in accepting the guilty plea in Chambers rather than in a public hearing; and (2) counsel failed to provide the Trial Court with mitigating evidence at the resentencing on May 20, 2003, and failed to request that the Trial Court reconsider the presentence report issued for the original sentencing.  The Trial Court denied relief without stated reasons on February 10, 2006.[25] The Trial Court's order was mailed to Washington on February 15, 2006.[26]  The Louisiana First Circuit denied Washington's untimely-filed[27] writ application without stated reasons on March 7, 2007.[28]  The Louisiana Supreme Court also denied Washington's related writ application without stated reasons on December 14, 2007.[29]

---

[24]St. Rec. Vol. 4 of 4, Uniform Application for Post-Conviction Relief, 2/2/06 (dated 1/30/06).

[25]St. Rec. Vol. 4 of 4, Trial Court Order, 2/10/06.

[26]St. Rec. Vol. 4 of 4, Letter to Washington, 2/15/06.

[27]Under La. App. R. 4-3, petitioner had 30 days from issuance of the lower court's order to file a writ application, which he did not do and the record contains no indication that the time period was properly extended.

[28]St. Rec. Vol. 4 of 4, 1st Cir. Order, 2007-KW-0135, 3/7/07.

[29]*State ex rel. Washington v. State*, 970 So.2d 523 (La. 2007); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2007-KH-0679, 12/4/07; St. Rec. Vol. 2 of 4, La. S. Ct. Writ Application, 07-KH-679, 4/4/07 (dated 3/13/07).

Several years later, on August 15, 2011, Washington submitted a motion to the Trial Court seeking to enforce an oral plea agreement for a twenty (20) year recommended sentence stipulated to by the State during plea discussions on August 23, 1999, in return for his assistance in the prosecution against Darrell Jarrell.[30] The Trial Court denied the motion noting that there was no plea agreement signed in this case.[31]

The Louisiana First Circuit denied Washington's related writ application on December 5, 2011, because the claims raised in the motion were in the nature of a request for post-conviction relief which was untimely under La. Code Crim. P. art. 930.8.[32] Washington did not seek further review of this ruling.

Fifteen (15) months later, on March 18, 2013, Washington submitted another application for post-conviction relief to the state trial court asserting the following grounds for relief:[33] (1) his counsel, Robert Fleming, provided ineffective assistance in advising him to withdraw the plea, go to trial, and reject the plea agreement in Case Number 290523; and (2) he received inadequate assistance of counsel at the initial review collateral proceedings which establishes cause for his procedural default of the ineffective assistance of trial counsel claim pursuant to *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012). On May 2, 2013, the Trial Court denied relief finding the first

---

[30]St. Rec. Vol. 4 of 4, Motion to Enforce Plea Agreement, 8/16/11 (dated 8/15/11).

[31]St. Rec. Vol. 4 of 4, Trial Court Order, (undated).

[32]St. Rec. Vol. 4 of 4, 1st Cir. Order, 2011-KW-1796, 12/5/11; St. Rec. Suppl. Vol. 1 of 1, 1st Cir. Writ Application, 2011-KW-1796, 9/22/11.

[33]St. Rec. Vol. 3 of 4, Uniform Application for Post-Conviction Relief, 3/19/13 (dated 3/18/13).

claim to be untimely filed and the second claim inapplicable because Louisiana law allows for the urging of ineffective assistance of counsel claims on direct appeal.[34]

The Louisiana First Circuit also denied Washington's related writ application on August 27, 2013, for seeking untimely post-conviction relief under La. Code Crim. P. art. 930.8, noting that the *Martinez* decision did not create any rights enforceable on state post-conviction review, and that he presented no new rule of constitutional law that applied retroactively to his case.[35]  The Louisiana Supreme Court denied Washington's subsequent writ application on May 2, 2014, citing La. Code Crim. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995).[36]

Undaunted, on July 1, 2014, Washington submitted to the state trial court another motion seeking to correct his illegal sentence urging the same grounds as his prior motions.[37]  The Trial Court denied the motion on July 3, 2014, without stated reasons.[38]  The Louisiana First Circuit denied Washington's subsequent writ application without stated reasons on September 23, 2014.[39]

---

[34]St. Rec. Vol. 3 of 4, Trial Court Order, 5/2/13.

[35]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2013-KW-1038, 8/27/13; St. Rec. Suppl. Vol. 1 of 1, 1st Cir. Writ Application, 2013-KW-1038, 6/13/13.

[36]*State ex rel. Washington v. State*, 138 So.3d 1240 (La. 2014); St. Rec. Vol. 2 of 4, La. S. Ct. Order, 2013-KH-2291, 5/2/14; La. S. Ct. Writ Application, 13-KH-2291, 9/25/13 (dated 9/23/13).

[37]St. Rec. Vol. 3 of 4, Motion to Correct an Illegal Sentence, 7/2/14 (dated 7/1/14).

[38]St. Rec. Vol. 3 of 4, Trial Court Order, 7/3/14.

[39]St. Rec. Suppl. Vol. 1 of 1, 1st Cir. Order, 2014-KW-1031, 9/23/14; 1st Cir. Writ Application, 2014-KW-1031, 7/14/14.

As of this writing, his Louisiana Supreme Court application seeking review of this ruling has not yet been resolved.[40]

## II.     **Federal Habeas Petition**

On October 17, 2014, Washington, through retained counsel, filed this petition for federal habeas corpus relief asserting the following grounds for relief:[41] (1) he was prejudiced by counsel's deficient performance in withdrawing the original plea offer and proceeding to trial in Case Number 290523 without consulting with him or advising him of the consequences; and (2) he filed initial-review collateral proceedings without assistance of counsel which established cause for his procedural default of the ineffective assistance of counsel claim.

The State filed an answer and memorandum in opposition to the petition arguing that Washington is not in custody with regard to the prior criminal proceeding in which he claims he received ineffective assistance of counsel.[42]  In addition, the State argues that Washington did not timely file his federal petition and has provided no basis to excuse the untimely filing.  The State also contends that, although his claims were raised to each of the state courts, the procedural grounds for dismissal leaves the claims unexhausted and in procedural default.  Alternatively, the State argues that the claims are otherwise without merit.

---

[40]St. Rec. Suppl. Vol. 1 of 1, La. S. Ct. Writ Application, 14-KH-2210, 10/23/14 (dated 10/15/14).

[41]Rec. Doc. No. 1.

[42]Rec. Doc. Nos. 12, 13.

### III.    Lack of Subject Matter Jurisdiction

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[43] applies to this petition, which was filed by his counsel on October 17, 2014. The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default."  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  In addition, 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '<u>in custody</u> in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis added) (quoting 28 U.S.C. § 2241(c)(3)); 28 U.S.C. § 2254(a).

Thus, to be eligible for federal habeas corpus relief, a petitioner must be "in custody" at the time the petition is filed for the conviction or sentence under attack.  *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 400-401 (2001); *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009). In *Lackawanna*, the Supreme Court recognized a single exception to this rule relating to Sixth

---

[43]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

Amendment claims of failure to appoint counsel. No such claim is made in this case, and the Court is unaware of any exception to the rule that would apply to the claims asserted in this petition.[44]

Whether a petitioner is "in custody" is determined as of the date the federal habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985). As the United States Supreme Court held in *Lackawanna*, when a habeas petitioner is no longer serving the sentence imposed pursuant to a prior conviction, he cannot bring a federal habeas action directed solely at challenging that prior conviction. When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody. *Carafas*, 391 U.S. at 238; *Port*, 764 F.2d at 425.

In this case, Washington seeks to challenge the assistance of his counsel in a prior case while he is <u>not</u> in custody on a conviction or sentence in that prior case. The sole error asserted under the Sixth Amendment by Washington is his prior counsel's decision to withdraw the guilty plea in Case Number 290523 and proceed forward to a trial. This decision, he complains, allowed the State an opportunity to file a new Bill of Information under a different case number, to which Washington entered a plea of guilty and which resulted in a longer sentence on the conspiracy count (the only count addressed in the prior plea negotiation in Case Number 290523).

---

[44]As explained by the Sixth Circuit in *Abdus-Samad v. Bell*, 420 F.3d 614, 630 (6th Cir. 2005), a three-justice plurality of the *Lackawanna* Court speculated that other exceptions to this rule of federal habeas <u>non</u>-reviewability might exist in other circumstances, including (1) where a state court, without justification, has refused to rule on a properly presented constitutional claim, and (2) where a defendant subsequently obtains compelling evidence of his actual innocence. Even these circumstances do not exist in this case.

It is a fact conceded by Washington and the State that the Bill of Information in Case Number 290523 was *nolle prosequied* on May 13, 1999.  Washington was **not** serving a sentence nor was he under a judgment of conviction when that case was terminated on May 13, 1999 or when his counsel filed the instant federal petition on October 17, 2014.  By no means can Washington be considered "in custody" for purposes of challenging that previously dismissed criminal action where there was no judgment of conviction or sentence binding him at the relevant times.

Instead, at the time of the filing of this federal petition on October 17, 2014, Washington was in custody as a result of his plea of guilty to the two counts in Case Number 302559 and serving the sentence ultimately imposed upon him on May 29, 2003.  For these reasons, Washington was not at the time this petition was filed "in custody" pursuant to, or for purposes of challenging, a conviction or sentence in the nolle prosequied Case Number 290523.

This Court, therefore, lacks subject matter jurisdiction to review his petition as a direct challenge to anything including the alleged ineffective assistance of counsel in Case Number 290523.  This petition as it relates to that case should be dismissed for that reason, without need to address the other defenses raised by the State.

Nevertheless, for the benefit of a reviewing Court, to whatever extent this petition can be considered a challenge to Washington's current custody arising from his conviction and sentence in Case Number 302559, the petition is untimely filed under the AEDPA and can be dismissed for the following reasons.

**IV.**     <u>**Statute of Limitations**</u>

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[45] *See Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As calculated above, Washington's conviction and sentence in Case Number 302559 was final on February 17, 2005, after completion of state court review of his resentencing. Pursuant to § 2244, Washington had one year from that date, or until February 17, 2006, to timely file a federal application for habeas corpus relief which he did not do. Thus, literal application of the statute would bar Washington's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

**A.**     <u>**Statutory Tolling**</u>

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of §

---

[45]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A.     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'"); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment being challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). However, requests for document and transcript copies are not other collateral review for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (stating a motion for transcript copies is not

"other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (finding petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (finding delay in receipt of transcript not required to file the application, does not warrant equitable tolling). Further, a "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the AEDPA one-year filing period began to run on February 18, 2005, the day after his conviction became final. The period ran uninterrupted for one-hundred and ninety-five (195) days until September 1, 2005, the date on which judicial officers within this district recognize the beginning of a suspensive period resulting from the effects of Hurricane Katrina on this metropolitan area. The interruption, as applied in this district, would suspend the running of the AEDPA filing period for eighty-six (86) days, from September 1 through November 25, 2005, in accordance with the administrative directives of the Chief Judge following Hurricane Katrina. *See Hooker v. Cooper*, No. 10-1624, 2011 WL 335606, at *1 (E.D. La. Jan. 31, 2011) (Lemmon, J.) (citing *Mark v. Michael*, No. 08-1261, 2008 WL 4365929, at *2 (E.D. La. Sep. 23, 2008) (Engelhardt, J.) (order adopting Report and Recommendation)); *Barley v. La. Dept. of Corr.*, No.

06-2441, 2009 WL 2872932, at *3 (E.D. La. Sep. 2, 2009) (Feldman, J.) (order adopting Report and Recommendation).

Therefore, the one-year filing period began to run again on November 26, 2005, for an additional sixty-five (65) days, until January 30, 2006, when Washington signed and submitted an state application for post-conviction to the Trial Court.  That application remained pending in the state courts, and tolled the AEDPA filing period, until the related writ application was resolved by the Louisiana Supreme Court on December 14, 2007.

The AEDPA one-year filing period began to run again the next day, on December 15, 2007, and did so for the remaining 105 days, until Monday, March 31, 2008,[46] when it expired. Washington had no properly filed state application for post-conviction or other collateral review, as defined above, pending during that time.  In fact, Washington made no other such filings in the state courts until over three years later when he filed a motion to correct his sentence on August 15, 2011.  However, the pleadings submitted to the state courts after expiration of the AEDPA filing period do not provide him any tolling benefits.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For these reasons, Washington's federal petition filed by counsel on October 17, 2014, was not timely filed in this Court under the AEDPA.

_____

[46]The last day fell on Saturday, March 29, 2008.  When the end of the period falls on a weekend day, the period runs to the next non-holiday and non-weekend day.  Fed. R. Civ. P. 6(A)(1)(c); La. Code Crim. P. art. 13.  In this case, the day was Monday, March 31, 2008.

## B.   <u>No Equitable Tolling</u>

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable

neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Washington has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling. The record instead reflects simply that petitioner did not timely pursue federal habeas review in spite of the fact that he has known about the facts forming the basis of his federal claim since he was sentenced in this case. There is no basis for equitable tolling in this case.

### C.  No New Rule of Law

Washington argues in his pleadings that he is entitled to consideration of his ineffective assistance of counsel in Case Number 290523 claim because he was not assisted by counsel when he had his first opportunity to raise ineffective assistance of counsel on collateral review of his conviction and sentence in Case Number 302559. The Court has already addressed the custody issue and need not revisit it here, or the impact of Washington's attempts to challenge the *nolle prosequied* case as if it were a challenge to his current conviction. Nevertheless, contrary to his

arguments, the holdings in *Martinez*, 132 S. Ct. at 1309 and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013), do not provide a basis for review of this untimely filed federal petition.

In *Martinez*, the Court held that a state imposed "'procedural default' will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 133 S. Ct. at 1912 (quoting *Martinez*, 132 S. Ct. at 1320) (emphasis added). However, the bar to review in this case arises from Washington's failure to meet the federal limitations deadline under the AEDPA not a state imposed procedural bar as discussed in *Martinez* and *Trevino*.[47]  The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition.  *See*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report).

---

[47]The Court is compelled to note that Washington was represented by counsel on direct appeal from his current conviction after his resentencing in 2003 and no ineffective assistance of trial counsel claims were raised.  Washington took his next opportunity to assert ineffective assistance of trial counsel claims in his January 30, 2006, state application for post-conviction relief.  While he was not represented by counsel at that time, the ineffective assistance of counsel claims raised in that application were denied on the merits under the standards in *Strickland*.  Thus, he did not raise ineffective assistance of counsel claims in his initial review collateral proceedings where he was represented by counsel. When he took his next opportunity to do so, although not represented by counsel, review of his ineffective assistance of counsel claims was not met with a state procedural bar.  It does not appear that the proceedings in his case would have implicated any consideration of *Martinez* or *Trevino*.  The record shows instead that it was seven years later, in 2013 and 2014, when Washington took yet another opportunity to raise ineffective assistance of trial counsel that his claims were met with a state imposed procedural bar under La. Code Crim. P. art. 930.8.  Thus, even if his federal petition was not untimely-filed, his case is distinguishable from the scenarios addressed in *Martinez* and *Trevino*.

These cases also <u>do not</u> constitute new rules of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA.  *See*, *In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014) (". . . the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  For these reasons, neither *Martinez* nor *Trevino*, issued nine (9) years after Washington's conviction was final, provide an excuse for his otherwise untimely federal petition.

The same is true of other relevant case law relied upon in Washington's state court filings and vaguely referenced here by counsel in support of the ineffective assistance issue.  Specifically, in its ruling in *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012), the Supreme Court held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."  *Frye*, 132 S. Ct. at 1408.  In the companion case of *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376 (2012), the Court specifically addressed assistance of counsel when there is a rejected plea offer:

> If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it.  If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence.

*Lafler*, 132 S. Ct. at 1387.

Neither of these rulings, however, afford Washington a renewed one-year filing period under the AEDPA or in anyway forgive his untimely federal filing.  Since issuance of these decisions, the United States Court of Appeals for the Fifth Circuit has held that neither *Frye* nor *Lafler* announced

a new rule of constitutional law for purposes of habeas review under the AEDPA.  *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012); *see also*, *Miller v. Thaler*, 714 F.3d 897, 902 (5th Cir. 2013) ("*Frye* did not announce a new rule of constitutional law because 'it merely applied the Sixth Amendment right to counsel to a specific factual context.'") (quoting *In re King*, 697 F.3d at 1189); *Bowers v. Stephens*, No. 13-CV-413, 2013 WL 5651263, at *2 (N.D. Tex. Oct. 11, 2013) (stating neither *Frye* nor *Lafler* provide a new trigger for the AEDPA's filing period under § 2244(d)(1)(C) or (D)).  As such, the rulings in *Frye* and *Lafler* do not provide a basis to forgive or renew the AEDPA one-year filing period in Washington's case.

For all of the foregoing reasons, Washington's federal petition filed on October 17, 2014, which was almost six and one-half years after the one-year AEDPA filing period expired on May 31, 2008, is untimely filed and should be dismissed for that reason.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Washington's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction as it relates to proceedings in Washington Parish Case Number 290523 and as time-barred as it relates to Washington Parish Case Number 302559.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[48]

New Orleans, Louisiana, this 31st day of March, 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[48]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.